IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00796-CMA-MJW

RICHARD J. ENRIGHT,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

---

**RECOMMENDATION ON
DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)
(Docket No. 26)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge Christine M. Arguello on April 27, 2011. (Docket No. 6).

On February 10, 2011, plaintiff, acting *pro se*, filed a "Title VII Complaint" in Civil Action No. 11-cv-00354-LTB in which he alleged discrimination by defendants Richard J. Enright, Costco Wholesale, Cynthia Cordell, Brian Blank, Robert Hicok, Dennis Zook, Craig Jelinek, Richard (Dick) DiCergio, and James D. Sinegal because of "injury (Disability)" as a result of "Demotion/discharge from employment." He indicated on the form pleading that he filed a charge of discrimination with the EEOC or other appropriate agency on December 6, 2010, and that on November 18, 2010, he received a Notice of Rights [to Sue], a copy of which was attached. (See Docket No. 1 in that

action). The sections in that form complaint concerning his claims for relief and supporting factual allegations, however, were not completed. In addition, he did not attach his discrimination charge, so he had filed nothing which provided any details of his claim. At the same time, plaintiff filed an unsigned Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 1 in other action).

Consequently, on February 22, 2011, Magistrate Judge Boyd N. Boland issued an Order Directing Plaintiff to Cure Deficiencies which advised plaintiff that his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 was missing plaintiff's original signature and that his Complaint was incomplete. (Docket No. 3 in other action). Accordingly, plaintiff was ordered to cure the designated deficiencies "**within thirty (30) days from the date of this order.**" (Docket No. 3 in other action) (emphasis in bold in original). In addition, it was ordered that "[a]ny papers which the Plaintiff files in response to this order must include the civil action number on this order." (Docket No. 3 in other action). Also, under the Civil Action Number on the first page of that order, the following notation was made in bold, "**(The above civil action number must appear on all future papers sent to the court in this action.** . . . .)." (Docket No. 3 in other action). Finally, it was "ORDERED that, if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the complaint and action will be dismissed without further notice. The dismissal shall be without prejudice." (Docket No. 3 in other action). A copy of that Order was mailed to the plaintiff at the address he provided on his pleading. That copy was not returned to the court as undeliverable by the U.S. Postal Service.

3

Thirty days from the date of Judge Boland's Order would have been March 24, 2011.  Even though plaintiff had been advised that the complaint and action would be dismissed without further notice, on March 30, 2011, Senior Judge Lewis T. Babcock issued an Order of Dismissal in which Judge Boland's Order was summarized, and Judge Babcock noted that the plaintiff "has not filed a § 1915 Motion and Affidavit with his original signature as directed by the February 22 Order.  In addition, Mr. Enright has not filed an amended Title VII Complaint with all sections completed.  Therefore, Mr. Enright has failed to cure the designated deficiencies within the time allowed."  (Docket No. 4 in other action).  Accordingly, Judge Babcock dismissed that action without prejudice pursuant to Fed. R. Civ. P. 41(b) for the plaintiff's failure to comply with the Order to Cure dated February 22, 2011.  (Docket No. 4 in other action).  In addition, a Judgment was entered that day entering judgment in favor of defendants and against plaintiff.  (Docket No. 5 in other action).

The previous day (March 29, 2011), however, the court received and filed another "Title VII Complaint" from the *pro se* plaintiff against the same defendants and based upon the same Notice of Rights, but this time the plaintiff completed the sections concerning his claims for relief and supporting factual allegations.  (Docket No. 1 here). Attached to that pleading was not only the "Dismissal and Notice of Rights" form that had been submitted with the pleading filed the previous month, but also a copy of the EEOC Charge Detail Inquiries, EEOC Intake Notes, and an EEOC Intake Questionnaire that summarized the plaintiff's claims.  (Docket No. 1 here).  In addition, that same day (March 29, 2011) plaintiff filed a signed Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  (Docket No. 2).  Both documents are dated March 28,

4

2011. Neither included the previous case's Civil Action Number as directed by Judge Boland. Perhaps as a result of that omission, a separate action was opened by the Clerk's Office.

On June 24, 2011, defendants filed the motion that is now before the court for a report and recommendation, namely, Defendants' Rule 12(b)(6) Motion to Dismiss or in the Alternative Motion for a More Definite Statement Pursuant to Rule 12(e). (Docket No. 26). In that motion, defendants seek dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) plaintiff cannot state a claim for which relief can be granted because he failed to file the instant suit within 90 days of receiving the Notice of Rights from the EEOC,[1] (2) the Complaint does not state a claim for which relief can be granted with respect to the individual defendants because the claims alleged do not provide for individual liability, and (3) the Complaint does not meet the pleading requirements of Rule 8. With regard to the latter ground, defendants alternatively seek an order requiring a more definite statement of the alleged facts under Rule 12(e). (Docket No. 26).

On July 5, 2011, counsel entered an appearance on behalf of the plaintiff. Thereafter, counsel filed an Amended Complaint on July 14, 2011. (Docket No. 32). That amended pleading names Costco Wholesale Corporation as the sole defendant. Based on that filing, in a Minute Order entry dated July 18, 2011, Judge Arguello stated: "re: 32 Amended Complaint filed by Richard J. Enright. This matter is before the Court

---

[1] In a footnote to that argument, defendants note the case originally filed by the plaintiff on February 10, 2011 (Civil Action No. 11-cv-00354-LTB), but further note that it was dismissed on March 30, 2011, because the plaintiff failed to comply with Judge Boland's Order to Cure Deficiencies in 30 days.

sua sponte. Plaintiff's Amended Complaint fails to address the fact that his claims appear to be time-barred, which issue was raised in Defendants' 26 Motion to Dismiss. Plaintiff is DIRECTED to show cause in writing, NO LATER THAN 07/25/2011, as to why this action is NOT time-carred [sic] and, therefore, should not be dismissed with prejudice." (Docket No. 34) (emphasis in original).

Plaintiff filed Responses to the Show Cause Order on July 20 and 21, 2011. (Docket Nos. 36 and 37). Therein, plaintiff addressed the timeliness issue, invoking the principles of equitable tolling. In addition, he conceded that there is no individual liability under the ADA and thus concurred in the request for dismissal of the individual defendants. Finally, plaintiff noted that he filed his Amended Complaint with Jury Demand on July 14, 2011 (Docket No. 32), which he claims corrects any alleged pleading deficiencies in the *pro se* Complaint filed by plaintiff, thereby rendering moot the motion to dismiss or for more definite statement under Rule 8.

On August 8, 2011, defendants filed their Reply in Support of Rule 12(b)(6) Motion to Dismiss or In the Alternative Motion for a More Definite Statement Pursuant to Rule 12(e). (Docket No. 44). Defendants agree therein that the only issue remaining is whether the plaintiff's Amended Complaint should be dismissed on the ground that the plaintiff cannot state a claim for which relief can be granted because he failed to file the instant suit within 90 days of receiving the Notice of Rights from the EEOC. The court will now discuss this remaining argument for dismissal.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

A plaintiff must initiate litigation on an ADA claim within ninety days from the date he receives a "right to sue" letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (providing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (adopting Title VII filing deadlines for ADA claims). "These timing requirements are prerequisites to a civil suit."

Croy v. Cobe Labs., 345 F.3d 1199, 1202 (10th Cir. 2003). "The requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, but rather is subject to . . . equitable tolling." Harms v. IRS, 321 F.3d 1001, 1006 (10th Cir. 2003). "Equitable exceptions, however, have been narrowly construed." Id. Equitable tolling may be appropriate if the plaintiff "has in some extraordinary way been prevented from asserting his or her rights." Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984). The time limit for filing a complaint after receipt of an EEO right-to-sue letter "will be tolled only upon a showing of active deception where, for example, the plaintiff has been actively misled or lulled into inaction by [his] past employer, state or federal agencies, or the courts." Simons v. Southwest Petro-Chem, Inc., 28 F.3d 1029, 1031 (10th Cir. 1994) (quotations omitted). "[T]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." Johnson v. United States Postal Serv., 861 F.2d 1475, 1481 (10th Cir. 1988) (quotation omitted).

Here, plaintiff acknowledges that equitable tolling is applied in only rare circumstances, but he asserts that

> it is clearly applicable where the plaintiff has pursued his judicial remedies by filing a defective pleading during the statutory period. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, nn. 3-4. See also *Burnett v. New York Central R.R.*, 380 U.S. 424 (1965)(plaintiff filed complaint in the wrong court); *Herb v. Pitcarin*, 325 U.S. 77 (1945)(also a filing in the incorrect court); *American Pipe & Construction Co. V. Utah*, 414 U.S. 538 (1974)(plaintiff's filing of individual action tolled time for filing class action complaint on related claims). As explained in the *American Pipe* case, the policies of ensuring fairness to defendants and of barring a plaintiff who has "slept on his rights" are satisfied when a pleading containing the basic outline of the claims has been filed during the period set by the statute of limitations. See also, *Realmonte v. Reeves*, 169 F.3d 1280, 1283-84 (10th Cir. 1999). In addition, equitable tolling is applicable

> where an individual's lack of sophistication prevents him from understanding procedural matters in discrimination cases. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002); *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th cir. 1992).
>
> Under these principles, equitable tolling is appropriate in the present case. On February 10, 2011, Mr. Enright filed a *pro se* Complaint against Costco and the same seven individuals in the present case, in Case No. 11-cv-00354-LTB (case 354). Doc. 1, Case 354. The Complaint in that case attached the same right to sue notice as the present case, contains much of the same handwriting on the form, and clearly pertained to the same claims as the present case. Since the NRTS was received by Mr. Enright on November 18, 2010 (Motion, pp.2-3), the Complaint in Case 354 was filed within ninety days after receipt of the Notice. Magistrate Judge Boland issued an Order on February 22, 2011, noting deficiencies in the Complaint and directing Mr. Enright to cure them within thirty days, Doc. 3, Case 354. When he did not do so, Judge Babcock dismissed the case without prejudice on March 30, 2011, Doc. 4, Case 354. . . . The Court's own records are subject to judicial notice under F.R.E. 201.
>
> Thus, Mr. Enright falls squarely within the equitable tolling doctrine as outlined above: he did not neglect or "sleep on" his rights; he filed a Complaint within the ninety days allotted to do so. As in the above cases, his filing was defective; although he filed in the correct court, the form he submitted was inadequate. He undertook, as instructed by Judge Boland, to correct the deficiencies, and in fact did so, in a Complaint filed on March 29, 2011, which was one day prior to Judge Babcock's Order of dismissal. However, the Complaint of March 29, 2011, was not filed as a part of Case 354, rather it became the initiating document in the present case, 11-cv-796. It is unclear whether this was because of Mr. Enright's lack of procedural sophistication, which is evident from both of his *pro se* filings, or because of confusion at the Clerk's office. In any event, under both the "defective pleading" line of cases, and the "lack of sophistication" cases, the doctrine of equitable tolling is clearly applicable to the fact pattern presented. The Motion to Dismiss based on the filing deadline should be denied.

(Docket No. 37 at 2-4) (footnotes omitted).

In its Reply, defendant Costco Wholesale Corporation responds in pertinent part:

> Here, Plaintiff did not exercise due diligence to preserve his legal rights nor has he established that he made a good faith error. Equitable tolling is not applicable where a claimant is aware of the filing requirements yet fails to file a timely complaint due to lack of diligence. Despite Plaintiff's contention that he did not "sleep on his rights," Plaintiff's

> Response to Defendants' Motion is completely devoid of any explanation as to why he failed to comply with Judge Boland's February 22, 2011 Order . . . .
>
> In his Response to Defendants' Motion, Plaintiff acknowledges that equitable tolling is applied only in rare circumstances, but asserts that it is applicable where Plaintiff has pursued his judicial remedies by filing a defective pleading during the statutory period. In support of this contention, Plaintiff cites cases addressing situations where plaintiff filed a complaint in the wrong court – which is not what happened in this matter – and cases relating to the tolling of the statute of limitations in the context of class actions under Rule 23 – which are clearly inapplicable to the facts and circumstances involved in this case.
>
> Furthermore, Plaintiff's argument that equitable tolling should be applied due to his "lack of sophistication" is utterly ridiculous. This is not a situation involving a complicated legal scheme or confusing procedural processes. Plaintiff was aware of the Order directing him to cure the defects of his complaint within 30 days (or by March 24, 2011), but simply chose not to do so within the timeframe allotted and instead to file on his own timeframe – five days later. Because Plaintiff has no excuse for his lack of diligence and has not demonstrated a good faith error, equitable tolling should not be applied to excuse his complete lack of deference to the Court's clear order.

(Docket No. 44 at 4-5) (footnote omitted).

The U.S. "Supreme Court has held that the filing of a right-to-sue letter, without 'a short and plain statement of the claim showing that the pleader is entitled to relief,' neither satisfies Fed. R. Civ. P. 8(a)(1) nor tolls the statute of limitations." Gant v. Jefferson Energy Co-op., 348 Fed. Appx. 433, 434 (11th Cir. Sept. 21, 2009) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 (1984)) (internal quotations omitted). The Eleventh Circuit has concluded that the filing of additional documents, such as an EEOC Charge of Discrimination, with a right-to-sue letter, would comply with the pleading requirements laid out in Baldwin. Id. (citing Judkins v. Beech Aircraft Corp., 745 F.2d 1330, 1332 (11th Cir. 1984)). See Antoine v. U.S. Postal Service, 781 F.2d 433, 438 (5th Cir. 1986) (none of the documents filed prior to the


10

expiration of the filing period contained a short, plain statement of the claim and thus failed to meet the requirements of Rule 8(a)); Coulibaly v. T.G.I. Fridays, Inc., 623 F. Supp. 860 (S.D. Ind. 1985) (Plaintiff's filing of merely the right-to-sue letter and IFP application did not meet the pleading requirements of Rule 8, and thus plaintiff did not timely commence the action after receiving the right-to-sue letter.).

In this case, however, when the plaintiff filed his original, incomplete "Title VII Complaint," he attached only the EEOC Dismissal and Notice of Rights.[2] He did not attach any documents that provided any information concerning his allegations against the named defendants. Therefore, when he filed that pleading, he did not satisfy Fed. R. Civ. P. 8(a)(1) and did not toll the 90 day filing period. In the Order to Cure, Judge Boland essentially equitably tolled the filing period for the plaintiff, giving plaintiff thirty days from the date of the Order (until March 24, 2011) to file a Complaint that cured the deficiencies. The Order expressly warned "if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the complaint and action will be dismissed without further notice." (emphasis in original). Despite that clear warning, plaintiff did not timely comply with that Order. Furthermore, plaintiff has not given any reason why failed to comply and instead waited until March 29, 2011, to file his amended pleading.

This court finds that the plaintiff has offered no argument or evidence to show that the requisite extraordinary circumstances or any wrongful conduct by the court or

---

[2]In contrast, as noted above, when plaintiff finally filed his second "Title VII Complaint," he attached not only a copy of the Dismissal and Notice of Rights, but also a copy of the EEOC Charge Detail Inquiries, EEOC Intake Notes, and an EEOC Intake Questionnaire that summarized the plaintiff's claims.

11

his employer are present. Plaintiff has not shown any reason why he was prevented from timely complying with the court's order to cure the deficiencies in his original complaint. The court notes that the plaintiff's pro se status, with his purported "lack of procedural sophistication," by itself, is not an adequate basis for equitable tolling to be applied. See Castaldo v. Denver Pub. Schs., 276 Fed.Appx. 839, 842 (10th Cir. May 5, 2008) (district court did not abuse its discretion by refusing to apply equitable tolling on the basis of the plaintiff's pro se status); Barrett v. Rumsfeld, 158 Fed.Appx. 89, 92 (10th Cir. Nov. 30, 2005) (court declined to excuse the Title VII plaintiffs' late filing on the basis of their pro se status) (citing Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (holding that pro se litigants must follow procedural rules that govern other litigants)); Cartinelle v. Napolitano, 2010 WL 2543558, at *1 n.1 (D. Colo. June 22, 2010) ("Plaintiffs' suggestion that their former *pro se* status supports equitable tolling ignores well-established precedent in this area."); Brackens v. Domino's Pizza LLC, 2008 WL 54922, at *6 (D. Colo. Jan. 3, 2008) ("[T]he plaintiff's pro se status does not entitle him to application of different rules.") (citing Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002) (Plaintiff's "difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner. To the contrary, the instant case is precisely the type of 'garden variety claim of excusable neglect' that the Supreme Court deemed unworthy of meriting equitable tolling . . . .")).

     In this case, the cure order was very clear about what plaintiff needed to do and the deadline to do so. Nevertheless, plaintiff slept on his opportunity to cure and did not exercise due diligence when he failed to take the specified actions in a timely manner. In sum, this court finds that the plaintiff has made no showing that equitable tolling is

12

warranted in this case, and it is thus recommended that the plaintiff's ADA claims be dismissed as time-barred.

**WHEREFORE,** for the foregoing reasons it is hereby

**RECOMMENDED** that Defendants' Rule 12(b)(6) Motion to Dismiss or in the Alternative Motion for a More Definite Statement Pursuant to Rule 12(e) (Docket No. 26) be granted such that the Amended Complaint and Jury Demand be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: January 6, 2012　　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge